IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 20-37-LPS |
| ) | |
| LEVII DINO DELGADO, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, United States Attorney for the District of Delaware, and Jesse S. Wenger, Assistant United States Attorney, and the defendant, Levii Dino Delgado, by and through his attorney, David Pugh, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges the defendant with intentional damage to a protected computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A) and 1030(c)(4)(B).

2. The defendant understands that the maximum penalties for Count One are: 10 years of imprisonment; a $250,000 fine; 3 years of supervised release; restitution; and a $100 special assessment.

3. The defendant understands that if there were a trial with regard to Count One, the government would have to prove the following elements beyond a reasonable doubt:

(1) the defendant knowingly caused the transmission of a program, information, code, or command;

(2) by doing so, the defendant intentionally caused damage to a protected computer without authorization; and

(3) the defendant's conduct caused

(i) loss to one or more persons during any one-year period aggregating at least $5,000 in value, (ii) the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of one or more individuals, or (iii) damage that affected 10 or more protected computers during any 1-year period.

The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements of Count One.

4. The defendant is pleading guilty to Count One because he is, in fact, guilty.

5. Pursuant to Section 6B1.4 of the November 1, 2018, edition of the United States Sentencing Guidelines Manual ("U.S.S.G."), the parties enter into the following stipulations:

    a. Pursuant to U.S.S.G. § 2B1.1, the amount of loss as to Count One, including relevant conduct as defined in U.S.S.G. § 1B1.3, is $13,545; and

2

    b.    The United States agrees not to pursue the U.S.S.G. enhancements under § 2B1.1(b)(10)(C) or § 3B1.3.

    c.    Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with the acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense-Level pursuant to U.S.S.G. § 3E1.1(a). Further, should it be determined that the defendant's Offense Level is 16 or greater prior to the application of the aforementioned two-level reduction, the United States agrees that the defendant's Offense Level should be reduced by one additional level, pursuant to U.S.S.G. § 3E1.1(b), for a total reduction of three levels.

It is understood and agreed that: (1) the parties are free to argue (except as stated above) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed.

6. The United States retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the District Court at any subsequent proceeding.

7. The defendant understands that the District Court must consider the United States Sentencing Guidelines, the applicable statutory maximum penalties, and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence that exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, is otherwise different than the defendant expected, or is contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

8. The defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. § 2255. Notwithstanding the foregoing, the defendant reserves the right to do the following: (1) file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel, and (2) appeal his sentence if: (a) the government appeals from the sentence; (b) the

defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code; or (c) the District Court imposes an "upward variance" above the final Sentencing Guideline range that it determines at sentencing.

9. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, or should he have other outstanding financial responsibilities as a result of his plea of guilty to Count One, the defendant agrees to voluntarily enter the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

10. This Memorandum expressly incorporates Exhibit A, which is attached hereto and filed under seal. The government routinely files such an exhibit, even though it may or may not contain additional terms. To the extent, however, that Exhibit A contains additional terms, the parties acknowledge and agree to be bound by those terms.

11. Pursuant to 18 U.S.C. §§ 3663 and 3663A, the defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses attributable to the defendant's activities as ordered by the Court, and expected to include: $13,545. The defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw his guilty plea.

////

12. It is further agreed by the undersigned parties that this Memorandum – together with sealed Exhibit A – supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification provisions of this paragraph.

DAVID C. WEISS
UNITED STATES ATTORNEY

_____  By: _____ 2/10/2021
David Pugh, Esquire                  Jesse S. Wenger
Attorney for Defendant               Assistant United States Attorney

_____
Levii ~~Dino Delgado~~, ~~Defendant~~

Dated: 2-3-21

AND NOW, this 17th day of February, 2021, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
THE HONORABLE LEONARD P. STARK
CHIEF JUDGE

6